**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<table>
<tr><td>

**JOSHUA LACEND,**
           *Plaintiff,*

      v.

**PROGRESSIVE ADVANCED
INSURANCE COMPANY,**
           *Defendant.*

</td><td>

**Civil No. 26-3636**

</td></tr>
</table>

**MEMORANDUM**

**COSTELLO, J.**                                                                                                       **July 17, 2026**

Plaintiff Joshua Lacend brought this action against Defendant Progressive Advanced Insurance Company ("Progressive") following his involvement in a motor vehicle accident with an underinsured motorist on April 5, 2024.  In Count I of the Complaint, Plaintiff seeks underinsured motorist benefits withheld by Progressive.  In Count II, Plaintiff asserts a bad faith claim under 42 Pa. C.S.A. § 8371, alleging that Progressive failed to make a good faith offer to resolve his underinsured motorist claim and did not treat him fairly as required by the Pennsylvania Unfair Insurance Practices Act (the "UIPA"), 40 P.S. §§ 1171.1-1171.15.

Progressive has moved to dismiss Count II of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff failed to state a plausible claim.  For the reasons discussed below, the Court will grant Progressive's motion.

## I.      BACKGROUND

On April 5, 2024, Plaintiff was involved in a motor vehicle accident and sustained various injuries.  ECF No. 1-2 ¶¶ 5, 10.  Following the accident, the underinsured motorist's insurer, Kemper Insurance Company, tendered payment.  *Id.* ¶ 8.  Plaintiff submitted a claim to

his insurer, Progressive, for underinsured motorist ("UIM") benefits to make up for a shortfall in coverage left by the underinsured motorist's policy. *Id.* at ¶¶ 3, 9.

On April 21, 2026, Plaintiff brought this action against Progressive in the Court of Common Pleas of Philadelphia County.[1] *See generally* ECF No. 1-2. Plaintiff alleged that Progressive refused to make a "fair offer of [UIM] benefits" other than a "nuisance value offer." *Id.* ¶ 13. Plaintiff also alleged that Progressive failed to make a good faith offer to resolve his claim and "knowingly failed to treat its insured fairly as required by the [UIPA.]" *Id.* ¶¶ 15-16.

## II.     LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible where the plaintiff pleads facts sufficient to support a reasonable inference "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Assessing plausibility under *Twombly* requires three steps. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, the Court must "take note of the elements the plaintiff must plead to state a claim." *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 675). Next, the Court must "identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, the Court must accept as true all "well-pleaded factual allegations," draw all reasonable inferences from them, and "determine whether they plausibly give rise to an entitlement to relief." *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 679). "If the well-pleaded facts do not nudge

---

[1]   On May 28, 2026, Progressive removed the case to this Court. ECF No. 1.

the claims 'across the line from conceivable to plausible,' the Court must dismiss the complaint." *Lynch v. Tasty Baking Co.*, No. 23-cv-4445, 2024 WL 967842, at *2 (E.D. Pa. Mar. 6, 2024) (quoting *Twombly*, 550 U.S. at 570). A defendant bears the burden of showing that plaintiff has not presented a claim. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (internal citation omitted).

## III.   DISCUSSION

Progressive moves to dismiss Count II, arguing that Plaintiff relies on conclusory allegations and therefore fails to state a facially plausible bad faith claim. ECF No. 10 ¶¶ 5-9. The Court agrees.

Under Pennsylvania's bad faith statute, a court may award punitive damages, interest, court fees, and attorneys' fees if it "finds that the insurer has acted in bad faith toward the insured." 42 Pa. C.S.A. § 8371. Bad faith includes "any frivolous or unfounded refusal to pay proceeds of a policy." *Keefe v. Prudential Prop. & Cas. Ins.*, 203 F.3d 218, 225 (3d Cir. 2000) (internal citation omitted).

To prevail on a bad faith claim under 42 Pa. C.S.A. § 8371, a plaintiff must demonstrate "(1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *Sang Koo Park v. Evanston Ins. Co.*, No. 19-cv-4753, 2020 WL 1062273, at *2 (E.D. Pa. Mar. 4, 2020) (internal citation omitted). Bad faith can be demonstrated by a lack of investigation into the facts of a claim or a failure to communicate with a claimant. *Bussie v. Am. Sec. Ins. Co.*, No. 20-cv-3519, 2021 WL 2206282, at *6 (E.D. Pa. June 1, 2021). However, a "plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." *Camp v. State Farm Fire & Cas. Co.*, No. 25-cv-3384, 2025 WL 2637230, at *3

(E.D. Pa. Sep. 11, 2025) (alteration in original) (internal citations omitted). Accordingly, "a plaintiff cannot merely say that an insurer acted unfairly, but instead must describe with specificity what was unfair." *Id.*

In this case, Plaintiff's only allegations under Count II are that: (1) Progressive "has knowingly failed to make a good faith offer to resolve this claim" despite being "fully aware" that Plaintiff's UIM insurance claim is in excess of his policy limit, and (2) Progressive "has knowingly failed to treat its insured fairly" as required by the UIPA, which entitles him to punitive damages. ECF No. 1-2 ¶¶ 15, 16. Courts in the Third Circuit have routinely found that allegations similar to those in Plaintiff's Complaint are conclusory and therefore insufficient to state a plausible claim for bad faith. *E.g.*, *McDonough v. State Farm Fire and Cas. Co.*, 365 F. Supp. 3d 552, 557 (E.D. Pa. 2019) (holding that allegations that insurer "failed to make a reasonable offer of settlement, presented a low offer of settlement, failed to engage in good faith negotiations . . . and failed to perform an adequate investigation" were conclusory and insufficient to state a claim).

Plaintiff's first allegation that Progressive "has knowingly failed to make a good faith offer to resolve this claim" does not provide any information that would support an inference that Progressive acted in bad faith while resolving Plaintiff's claim. ECF No. 1-2 ¶ 15. In *Carr v. Travelers Home and Marine Insurance Co.*, the plaintiff's complaint alleged the defendant "fail[ed] to fully, fairly and promptly evaluate the claims of the plaintiff" and "fail[ed] to settle the claims of the plaintiff . . . with knowing and reckless disregard of its lack of a reasonable basis for failure to do so." 700 F. Supp. 3d 288, 296 (E.D. Pa. 2023). Because these allegations lacked supporting facts, Judge Surrick characterized them as "threadbare recitals of a cause of action that are plainly insufficient to survive a motion to dismiss." *Id.* Plaintiff's first allegation

4

mirrors these conclusory statements.  It acknowledges the requisite elements of a bad faith claim but contains nothing that suggests Progressive lacked a reasonable basis for its decisions.  This is insufficient.  *Carolan v. Progressive Advanced Ins. Co.*, No. 24-cv-3248, 2025 WL 777708, at *4 (E.D. Pa. Mar. 11, 2025) ("To survive a motion to dismiss, the plaintiff's complaint must specifically 'describe who, what, where, when, and how the alleged bad faith conduct occurred.'") (internal citation omitted).

Plaintiff's second allegation that Progressive "has knowingly failed to treat [Plaintiff] fairly" as required by the UIPA is similarly insufficient.  To start, a violation of the UIPA is not a "per se violation" of Pennsylvania's bad faith standard.  *Dinner v. United Servs. Auto. Ass'n Cas. Ins. Co.*, 29 F. App'x 823, 827 (3d Cir. 2002).  Additionally, this allegation fails to provide any information or evidence that would support an inference of bad faith.  ECF No. 1-2 ¶ 16.  In *Smith v. State Farm Mutual Automobile Insurance Co.*, the plaintiff's bad faith claim alleged that the defendant "breach[ed] covenants of good faith and fair dealing" and "engag[ed] in unfair settlement negotiations."  506 F. App'x 133, 136 (3d Cir. 2012).  The Third Circuit affirmed the dismissal of plaintiff's bad faith claim, explaining that these allegations were "broad and conclusory" because they contained "no details describing what was unfair about the [insurance claim proceedings]."  *Id.* at 135-36.  Plaintiff's second allegation mirrors the conclusory allegations found in *Smith*.  He alleges unfairness but fails to provide any details describing how or why Progressive has treated him unfairly.  As a result, this allegation is insufficient to support a cause of action for bad faith.  *See also Sang Koo Park*, 2020 WL 1062273, at *2 (finding that a complaint lacking "any factual allegations that relate to why [d]efendants' alleged acts or omissions were unreasonable" could not survive a motion to dismiss).

5

Because Plaintiff's allegations are conclusory, they are "not entitled to the assumption of truth." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679). Without supporting factual allegations, Plaintiff's conclusions are insufficient to state a bad faith claim. *See Kiessling v. State Farm Mut. Auto. Ins. Co.*, No. 18-cv-4281, 2019 WL 634639, at *4 (E.D. Pa. Feb. 14, 2019) (dismissing bad faith claim where complaint contained no facts about "[p]laintiffs' insurance claims and [d]efendant's subsequent investigations, negotiations, and offer(s) or communications"). Accordingly, the Court will dismiss Count II of the Complaint.

Plaintiff will be given leave to amend his Complaint. Courts have broad discretion to grant leave to amend "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). Under the Federal Rules, "leave to amend should be liberally given unless amendment would be inequitable or futile." *Montanez v. Price*, 154 F.4th 127, 151 (3d Cir. 2025). Progressive does not argue that permitting Plaintiff leave to amend would be inequitable or futile. Furthermore, allowing Plaintiff to file an amended complaint would not cause prejudice to Progressive.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Progressive's Motion to Dismiss Count II. Plaintiff will be granted leave to file an Amended Complaint. An appropriate Order follows.

BY THE COURT:

_____
MARY KAY COSTELLO
United States District Judge

6